RENDERED:  JULY 31, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1243-ME

A.W.                                                                                        APPELLANT


v.
APPEAL FROM CARTER FAMILY COURT
HONORABLE JENIFFER BARKER NEICE, JUDGE
ACTION NO. 24-J-00077-001


COMMONWEALTH OF KENTUCKY
CABINET FOR HEALTH AND
FAMILY SERVICES;
COMMONWEALTH OF KENTUCKY;
K.W., A MINOR CHILD; AND R.B.                                              APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, MOYNAHAN, AND TAYLOR, JUDGES.

MOYNAHAN, JUDGE:  Appellant, A.W. (Mother), challenges the November 26, 2024, adjudicative order of the Carter Family Court, which found her to have placed Appellee, K.W. (Child), at risk of abuse or neglect.  Mother has also appealed the August 7, 2025, and August 28, 2025, orders which denied her motion to reduce the amount of time she is to remain on the Child Abuse and

Neglect (CAN) Registry as maintained by Appellee, the Cabinet for Health and Family Services (the Cabinet). After reviewing the briefs filed and the record on appeal, we determine any challenge to the November 26, 2024, adjudicative order to be untimely taken and affirm the family court's decision to deny Mother's motion to shorten the time for her to remain on the CAN Registry.

## BACKGROUND

In September 2024, the Cabinet filed dependency, neglect, and abuse (DNA) petitions concerning Child as well as Child's two older siblings. The Cabinet had concerns about the lack of supervision involving Child's two older siblings as well as allegations of abuse made by Child's siblings against Mother and T.W., Mother's paramour (Paramour).[1] Child's biological father was unknown, but after paternity testing, Appellee, R.B. (Father), was joined as a party later.[2] After a temporary removal hearing, the family court granted custody of Child to the Cabinet, which placed Child in the care of maternal grandparents.

After an adjudication hearing, in which the family court heard testimony from Child's two siblings, the family court found Mother to have physically abused Child's siblings and that she had placed Child at risk of neglect

---

[1] At one point in the underlying litigation, Paramour was included as a party in the DNA cases; however, the family court dismissed the DNA petitions with regards to Paramour within the November 26, 2026, adjudication order.

[2] Father has not filed a brief and has otherwise not been involved in this appeal.

or abuse as a result. Mother filed a motion to alter, amend, or vacate the adjudication orders, taking issue with the process which the family court used to elicit the testimony from Child's siblings and the lack of specific findings. The family court granted Mother's motion to the extent that it made more specific findings concerning the abuse. The family court conducted a final dispositional hearing on May 27, 2025, and entered final dispositional orders on May 29, 2025. Specifically, regarding the dispositional order for Child, custody was returned to Mother. Markedly, Mother did not appeal this order.

On July 3, 2025, Mother filed a motion requesting the family court reduce the amount of time she was to remain on the CAN Registry,[3] noting her concern that her employment as a registered nurse may be affected. The family court directed Mother to brief the issue but ultimately denied the motion on August 7, 2025. Mother filed a motion to alter, amend, or vacate, and requested more specific findings. The family court granted Mother's motion to the extent that it incorporated the findings made from the previous adjudication hearing, but denied the motion to alter, amend, or vacate. This notice of appeal followed. Notably, Mother also appealed the adjudication orders and permanent custody orders

---

[3] As explained in more detail below, Mother was placed on the CAN Registry for a period of seven years after the Cabinet substantiated incidents of neglect and abuse by Mother during the course of the DNA cases.

entered in the DNA cases regarding Child's siblings; however, those appeals were dismissed as untimely taken.[4]

## ANALYSIS

A trial court has a great deal of discretion in making determinations in DNA cases; its findings of fact shall not be set aside unless clearly erroneous. Kentucky Rule of Civil Procedure (CR) 52.01; *B.B. v. Cabinet for Health and Fam. Servs.*, 635 S.W.3d 802, 807-08 (Ky. 2021). Furthermore, "[i]f the family court's findings of fact were supported by substantial evidence, and it applied the correct law, its decision will not be disturbed absent an abuse of discretion." *M.C. v. Cabinet for Health and Fam. Servs.*, 614 S.W.3d 915, 921 (Ky. 2021) (citations omitted). To the extent that we must review a trial court's application or interpretation of the law, we shall conduct a *de novo* review. *See Ball v. Tatum*, 373 S.W.3d 458, 464 (Ky. App. 2012).

It is well established that a dispositional order in a DNA case is a final and appealable order, and the appropriate order to appeal to invoke our Court's review of a finding of neglect or abuse. *M.C.*, 614 S.W.3d at 921; *see also Cabinet for Health and Fam. Servs. v. H.C.*, 581 S.W.3d 580, 583 (Ky. 2019) ("Without the properly filed notice of appeal, the appellate court lacks jurisdiction to consider the matter.").

---

[4] *See* Appeal Nos. 2025-CA-1244-ME and 2025-CA-1246-ME.

In the matter at hand, Mother raises several arguments relating to the adjudication hearing conducted; however, none of these arguments has been timely brought before us. Mother never appealed the May 29, 2025, dispositional orders involving Child and her siblings; she would have needed to file a notice of appeal by June 30, 2025. *See* Kentucky Rule of Appellate Procedure (RAP) 3(A)(1). She also did not file any motions which would have otherwise tolled the time to file a notice of appeal. RAP 3(E). Therefore, we decline to address any of the arguments relating to the family court's specific findings of neglect and abuse in the adjudication and dispositional orders involving Child.

Mother's only remaining argument is whether the family court erred in denying her request to reduce the amount of time she was to remain on the CAN Registry.

Pursuant to Kentucky Revised Statute (KRS) 620.051(2), the [C]abinet shall "promulgate administrative regulations to establish the central registry and the process for a background check of the [C]abinet's child abuse and neglect records." *See also* KRS 194A.050(1). This requirement is satisfied by 922 Kentucky Administrative Regulation (KAR) 1:470, which states in relevant part:

> Section 2. Central Registry.
>
> (1) The central registry shall include the name of each individual:

(a) Who has been found by the cabinet to have abused or neglected a child on or after October 1, 1998; and

(b) 1. Who waived the right to appeal a substantiated finding of child abuse or neglect in accordance with:

   a. 922 KAR 1:480;

   b. 922 KAR 1:320; or

   c. 922 KAR 1:330, Section 11; or

2. Whose substantiated incident was upheld upon appeal.

(2) Each name shall:

(a) Remain on the central registry for a period of at least seven (7) years; and

(b) Be removed from the central registry after a period of seven (7) years if:

   1. No additional incident of child abuse or neglect has been substantiated by the cabinet since the time of the incident for which the individual's name was placed on the registry . . . .

"Substantiated," as it pertains to a claim of abuse or neglect, means: "(a) [a]n admission of abuse or neglect by the person responsible; (b) [a] judicial finding of child abuse or neglect; or (c) [a] preponderance of evidence exists that abuse or neglect was committed by the caretaker." 922 KAR 1:330 § 1(19). The process of

substantiating an act of neglect or abuse is a separate administrative process that ultimately is not "binding upon the court and has no preclusive effect in any subsequent proceeding." *K.H. v. Cabinet for Health and Fam. Servs.*, 358 S.W.3d 29, 32 (Ky. App. 2011). Any person whom the Cabinet has substantiated an act of neglect or abuse against may challenge the substantiation and their placement on the CAN Registry by engaging in the administrative appeal process outlined in 922 KAR 1:480. *F.M. v. Cabinet for Health and Fam. Servs.*, 725 S.W.3d 552, 557 (Ky. App. 2025) (citations omitted).

*Sub judice*, there is nothing in the record which indicates that Mother pursued, or attempted to pursue, an administrative appeal challenging the Cabinet's substantiation. Instead, Mother suggests the family court is permitted to order the Cabinet to reduce the amount of time she is to remain on the CAN Registry, and that the family court arbitrarily denied her request by merely incorporating the findings from the adjudicative hearing. Notwithstanding the fact that 922 KAR 1:470 is clear that the time during which an individual is to remain on the CAN registry is *at least* seven years, Mother has cited to no authority whatsoever that would indicate the family court has the authority to lessen the amount of time for her to remain on the CAN registry, nor can we find any. In the absence of such authority, there is nothing to suggest the family court's determination constituted

an abuse of discretion, especially considering Mother's failure to engage in the administrative appeal process provided by 922 KAR 1:480.

## **CONCLUSION**

Accordingly, determining any challenges to the family court's findings contained within its adjudicative and dispositional orders to be untimely, and there being no error in the family court's decision to deny Mother's request regarding removal from the CAN Registry, we affirm the family court's orders of August 7, 2025, and August 28, 2025.

ALL CONCUR.

BRIEF FOR APPELLANT:

W. Jeffrey Scott
Grayson, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH OF
KENTUCKY:

Justin Criswell
Grayson, Kentucky